**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES GREGORY REECE,

        Plaintiff - Appellant,

    v.

TERRY DICKENSON, et al.,

        Defendants - Appellees.

No. 13-16333

D.C. No.
2:09-cv-01350-TLN-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

California state prisoner Charles Gregory Reece appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging access-to-courts

and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Reece's due process claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Reece challenged disciplinary proceedings and the resulting loss of good time credits. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (inmate's § 1983 action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997) (challenge to loss of good-time credits not cognizable under § 1983).

The district court properly granted summary judgment on Reece's access-to-courts claim against Dickenson because Reece failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of Dickenson's alleged misconduct in processing his prison appeal. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (setting forth actual injury requirement); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

**AFFIRMED.**